981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Kermith Wayne MERRITT, Defendant-Appellant.
 No. 92-5140.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-91-62)
 Douglas P. Connor, Mt. Olive, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kermith Wayne Merritt entered a guilty plea to possession of cocaine with intent to distribute and to distribution of cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1992). He pled not guilty to using a firearm in the commission of a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1992), but was convicted of that charge. He appeals his § 924(c) conviction and the sentence imposed on the drug convictions. We affirm.
 
 
 2
 Merritt first maintains that the district court erred in denying his motion for acquittal of the § 924(c) count. We must affirm the conviction if it is supported by evidence sufficient to allow a reasonable jury to find the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942). A firearm is used in violation of § 924(c) if it is present during a drug trafficking offense, and is available for protection and to facilitate the likelihood of success, whether or not it is actually used. United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991).
 
 
 3
 Merritt was arrested after selling a gram of cocaine to Kim Wilson, a former girlfriend, who intended to resell it to a confidential informant. When he was arrested in his home, Merritt had nineteen grams of cocaine and $1,397 on him. In his bedroom were three loaded handguns and a collection of rifles and shotguns. After handcuffs were placed on him, he told the agents that if he had known who they were he would have shot through the door. He testified at his trial that he had been joking. However, Wilson testified that Merritt once told her how he had shot at a persistent customer to make him go away. On these facts, we have no difficulty in finding that the evidence was sufficient to convict Merritt.
 
 
 4
 Merritt also challenges his sentence. He argues that cocaine amounts outside the counts he pled guilty to were incorrectly used to calculate his sentencing guideline range, and that the government did not prove the amount of cocaine by a preponderance of the evidence at sentencing after he objected to the probation officer's computation. We find no error. For drug offenses, relevant conduct includes all acts which are part of the same course of conduct or common scheme or plan as the count of conviction. United States Sentencing Commission, Guidelines Manual, § 1B1.3(a)(2) (Nov. 1991). Uncharged conduct may be used to calculate the guideline range, whether or not the offense is charged as a conspiracy. United States v. McNatt, 931 F.2d 251, 258 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3478 (U.S. 1992).
 
 
 5
 Further, although Merritt objected generally to the probation officer's estimate of the amount of cocaine because amounts outside the count of conviction were included, he presented no evidence to show that the estimate was inaccurate, which it was his burden to do. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). In any case, our review of the record discloses that the estimate was supported by the evidence at trial.
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED